**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

FRANCISCO DEMAPAN DELA CRUZ,
          *Defendant-Appellant.*

No. 03-10151

D.C. No.
CR-02-00003-ARM

OPINION

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief Judge, Presiding

Argued and Submitted
December 2, 2003—San Francisco, California

Filed January 12, 2004

Before: Mary M. Schroeder, Chief Judge,
Dorothy W. Nelson, and Pamela Ann Rymer, Circuit Judges.

Opinion by Chief Judge Schroeder

---

## SUMMARY

---

### Criminal Law and Procedure/Sentencing

The court of appeals affirmed a judgment of the district court. The court held that a downward departure under federal sentencing guidelines § 5K2.13 for significantly reduced mental capacity when the defendant's crime did not involve a serious threat of violence, is unavailable to a defendant convicted of making telephonic bomb threats who fully intended his threats to cause immediate disruption.

281

*149*

Appellant Francisco Dela Cruz, a resident of the Commonwealth of the Northern Mariana Islands (CNMI), was convicted after a jury trial in district court of making telephonic bomb threats in violation of 18 U.S.C. § 844(e). The charges stemmed from two incidents in which Dela Cruz made calls from his office on Saipan to the Superior Court of the CNMI stating that explosives were located in the courthouse. Dela Cruz admitted that the threat was made only to force the postponement of collection proceedings against him that were set for hearing on the date of the threat. At sentencing, the district court ruled Dela Cruz ineligible for a downward departure under § 5K2.13 (2002).

Dela Cruz appealed his conviction and sentence.

[1] Section 5K2.13 provides that a sentence below the customary range may be appropriate where the defendant suffered from significantly reduced mental capacity, so long as his crime did not involve a serious threat of violence. [2] Dela Cruz intended to force the recipients of his threat to take urgent actions to protect the public from the threatened violence. Dela Cruz fully intended his threat to cause immediate disruption. Indeed he admitted that the threat was made only to force the postponement of collection proceedings against him that were set for hearing on the date of the threat. Accordingly, it had to be held that the district court did not err in deeming Dela Cruz ineligible for a departure under § 5K2.13.

[3] Section 844(e) is a law of general application to the several states, and thus applies in the CNMI as provided in § 502(a) of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America. The only inquiry was therefore whether § 844(e) was in existence on the effective date of the Covenant. Section 844(e) was passed in 1970. The effective date of the Covenant was January 9, 1978. Therefore, under

UNITED STATES v. DELA CRUZ                                   283

§ 502(a) of the Covenant, § 844(e) was applicable in the CNMI. The judgment of the district court had to be affirmed.

---

## COUNSEL

Joseph E. Horey, O'Connor, Berman, Dotts & Banes, Susupe, Saipan, CNMI, for the defendant-appellant.

John J. Rice, Assistant U.S. Attorney, Branch Chief, District of NMI, Saipan, MP, for the plaintiff-appellee.

---

## OPINION

SCHROEDER, Chief Judge:

   Francisco Dela Cruz, a resident of the Commonwealth of the Northern Mariana Islands ("CNMI"), was indicted by a federal grand jury on two counts of making telephonic bomb threats in violation of 18 U.S.C. § 844(e). The charges stemmed from two incidents in which Dela Cruz made calls from his office on Saipan to the Superior Court of the CNMI stating that explosives were located in the courthouse. Dela Cruz was convicted after a jury trial and in this direct appeal challenges both his conviction and sentence.

   **[1]** The only issue deserving more than summary discussion is his contention that the district court erred in ruling him ineligible for a downward departure under United States Sentencing Guidelines § 5K2.13 (2002). Section 5K2.13 provides that a sentence below the customary range may be appropriate where the defendant suffered from significantly reduced mental capacity, so long as his crime did not involve a serious threat of violence. Dela Cruz relies on our decision in *United States v. Walter*, 256 F.3d 891 (9th Cir. 2001), to support his argument that his crime did not involve such a threat.

In *Walter*, the defendant sent a letter in the name of another person to the President of the United States threatening the President and his family with violence. The letter was, in effect, an ill conceived prank by Walter aimed at making trouble for the person whose name he signed to the letter. Walter neither intended actual harm to the President nor intended to cause a serious and disruptive response from the officials receiving his threat. In that context, we held that the letter did not involve a serious threat of violence, within the meaning of § 5K2.13.

**[2]** In this case, the defendant intended to force the recipients of his threat to take urgent actions to protect the public from the threatened violence. Dela Cruz, unlike Walter, fully intended his threat to cause immediate disruption. Indeed he admits that the threat was made only to force the postponement of collection proceedings against him that were set for hearing on the date of the threat. Accordingly, we hold that the district court did not err in deeming Dela Cruz ineligible for a departure under § 5K2.13.

Dela Cruz also asserts a variety of other errors by the district court. These claims are without merit. As a constitutional matter, Dela Cruz argues that his particular calls must have substantially affected interstate commerce in order to be reached by § 844(e). This argument is based on an erroneous reading of *United States v. Lopez*, 514 U.S. 549 (1995), and its discussion of when conduct must have substantial effects on interstate commerce in order to be reached under the commerce power. Because a telephone is an instrumentality of interstate commerce, no substantial effects inquiry is needed. *See, e.g., United States v. Clayton*, 108 F.3d 1114, 1117 (9th Cir. 1997); *see also United States v. Gilbert*, 181 F.3d 152, 157-58 (1st Cir. 1999) (rejecting an identical challenge to § 844(e)).

Dela Cruz additionally argues that as a matter of statutory interpretation, § 844(e) requires the government to show that

he used the particular phone from which he made the calls for interstate purposes. This is not so. Where a telephone is used in a conventional way, as a means of communication and as part of an interstate communications network, it is an instrumentality of interstate commerce. *See Clayton*, 108 F.3d at 1117; *see also Saipan Stevedore Co. v. Director, Office of Workers' Compensation Programs*, 133 F.3d 717, 721 (9th Cir. 1998).

[3] Because the acts for which he was convicted took place in the CNMI, Dela Cruz also attacks § 844(e) as unenforceable under the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant"), 48 U.S.C. § 1801 *and notes following*. Section 844(e) is a law of general application to the several states, and thus applies in the CNMI as provided in § 502(a) of the Covenant. *See CNMI v. United States*, 279 F.3d 1070, 1073 (9th Cir. 2002). The only inquiry for this court is therefore whether § 844(e) was in existence on the effective date of the Covenant. Section 844(e) was passed in 1970. The effective date of the Covenant is January 9, 1978. *Saipan Stevedore Co.*, 133 F.3d at 721. Therefore, under § 502(a) of the Covenant, 18 U.S.C. § 844(e) is applicable in the CNMI.

With respect to the conduct of his trial, Dela Cruz challenges the district court's jury instructions and its denial of his motion for acquittal on the ground of insufficient evidence. The jury instructions stated that in order to find Dela Cruz guilty, the jury had to find that he acted knowingly and willfully to make the threat or acted knowingly and maliciously in conveying the false information. The instructions properly stated the necessary elements for conviction and were not erroneously given. *See Clayton*, 108 F.3d at 1117-18; *see also Planned Parenthood of The Columbia/Willamette, Inc. v. American Coalition of Life Activists*, 290 F.3d 1058 (9th Cir. 2002) (en banc). As to the adequacy of the evidence, Dela Cruz testified that he made the calls and mentioned bombs.

Additionally, he testified that he made the calls to force the closure of the courts in order to delay his collection proceedings. Viewing the facts in the light most favorable to the prosecution, it is clear that a rational trier of fact could have returned a guilty verdict against Dela Cruz, and the district court did not err by denying his motion for acquittal. *See, e.g., United States v. Manarite*, 44 F.3d 1407, 1411 (9th Cir. 1995).

Dela Cruz argues that the district court erred in excluding certain expert psychological testimony. We have held that Federal Rule of Evidence 704(b) prohibits testimony "from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite *mens rea*." *United States v. Morales*, 108 F.3d 1031, 1037 (9th Cir. 1997) (en banc). The district court relied on *Morales* in excluding the testimony in question, noting that *Morales* expressed particular concern with expert testimony offered by mental health professionals about a mental state that is an element of the crime. As the district court correctly decided, the fact that Dela Cruz phrased his question in the form of inquiring about the mental state of "a person" and not directly about the mental state of the defendant does not render the question proper.

Finally, Dela Cruz argues that his is the rare case in which a defendant who has proceeded to trial is still entitled to a reduction in sentence for acceptance of responsibility under U.S.S.G. § 3E1.1. The district court did not clearly err in denying this reduction because Dela Cruz repeatedly denied intending to make a bomb threat. *See, e.g., United States v. Mohrbacher*, 182 F.3d 1041, 1052-53 (9th Cir. 1999); *United States v. Chastain*, 84 F.3d 321, 323-24 (9th Cir. 1996).

AFFIRMED.

INTERNAL USE ONLY: Proceedings include all events.
03-10151 USA v. Dela Cruz

UNITED STATES OF AMERICA                John J. Rice, Esq.
        Plaintiff - Appellee            670/236-2980
                                        [COR LD NTC aus]
                                        UNITED STATES ATTORNEY
                                        DISTRICT of the NORTHERN
                                        MARIANA ISLANDS
                                        P.O. Box 500377
                                        Saipan, MP 96950


          v.

FRANCISCO DEMAPAN DELA CRUZ             Joseph E. Horey
        Defendant - Appellant           FAX 670-234-5683
                                        670-234-5684
                                        [COR LD NTC cja]
                                        P.O. Box 501969
                                        Saipan, MP 96950

Docket as of December 30, 2003 11:08 pm            Page 2    NON-PUBLIC